Dullen v. Grafton County DOC, et al.  CV-02-547-M   01/22/04
UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Patrick E. Dullen,
     Plaintiff

     v.                                    Civil No. 02-547-M
                                           Opinion No. 2004 DNH 021
Grafton County Department
of Corrections, et al.,
     Defendants

**O R D E R**

In November of 2002, while incarcerated at the Grafton County Department of Corrections ("DOC"), pro se plaintiff, Patrick Dullen, filed this civil rights action. He alleges that, during the course of his incarceration at DOC, defendants denied him adequate medical care, prohibited him from practicing his religion, subjected him to unsafe and unhealthy conditions of confinement, and threatened disciplinary action in reprisal for his having filed grievances against them.

After reviewing Dullen's complaint for subject matter jurisdiction, the Magistrate Judge recommended that the court dismiss many of Dullen's claims, but that it allow him to proceed on his Eighth Amendment claim premised on the denial of adequate

medical care, as well as his First Amendment retaliation claim. The court accepted and adopted the Magistrate Judge's report and recommendation. Dullen then moved for summary judgment. In response, defendants moved for additional time within which to take discovery. The court granted that motion and afforded defendants until November 1, 2003, to take discovery and respond to Dullen's motion for summary judgment.

In April of 2003, Dullen advised the court that he had been transferred to the Onondaga County Justice Center, in Syracuse, New York. Subsequently, defendants served him (at the Onondaga County Justice Center) with discovery requests, which were seemingly delivered without problem - at least they were not returned to defendants' counsel as undeliverable. Nevertheless, Dullen did not respond. Subsequent efforts to serve Dullen (with, for example, defendants' motion to compel production of discovery) were unsuccessful and defendants' mailings were returned as undeliverable - it seems that Dullen had again been transferred, this time to the Hillsborough County House of Correction ("HCHC") and, soon thereafter, he was released from custody. See, e.g., Report and Recommendation (document no. 51)

2

at 1 (noting that Dullen had been released from the Hillsborough County House of Correction on bail). Defendants' efforts to serve Dullen at HCHC proved fruitless and one can only infer that he had already been released from custody when the documents arrived at the facility.

Notwithstanding his transfer from New York back to New Hampshire and his subsequent release from custody, Dullen never notified the court of either of those changes in his mailing address. See Local Rule 83.6(e) ("An attorney or pro se party who has appeared before the court on a matter is under a continuing duty to notify the clerk's office of any change of address and telephone number."). Given Dullen's pro se status, however, the Magistrate Judge instructed defense counsel to serve Dullen with the filings in question at his last known home address, in Manchester, New Hampshire. Those efforts, too, were unsuccessful and Dullen has yet to provide defendants with the requested discovery, nor has he responded to their motion to compel.

Having received none of the discovery they sought from Dullen and having been unable to serve him with their motion to compel at either of the addresses he has provided to the court and counsel (or even at his last known home address), defendants now move to dismiss Dullen's complaint for failure to prosecute. See Fed. R. Civ. P. 41(b). Defendants also point out that "the initiation and abandonment of federal civil rights litigation appears to be a recurrent activity for this Plaintiff." Motion to dismiss at para. 13. On September 2, 2003, the United States District Court for the Northern District of New York dismissed a civil rights action initiated by Dullen against the Onondaga County Sheriff's Department for failing to respond to the court's order to file an amended complaint.

In this case, by failing to notify the court (or defense counsel) of his current mailing address, Dullen has violated his continuing obligation to keep the court apprised of any changes in his address. More importantly, however, that failure (along with his failure to honor the discovery requests that were, seemingly, properly served upon him), has prejudiced defendants' efforts to conduct discovery to which they are entitled. It has

4

also forced this proceeding to come to a halt.  In light of Dullen's conduct to date, the court can only conclude that, having been released from custody, he no longer has any interest in pursuing the few claims that remain of his original complaint.

## Conclusion

For the reasons set forth above, and for those set forth in defendants' memoranda, defendants' motion to dismiss (document no. 54) is granted and plaintiff's complaint is dismissed.  See Fed. R. Civ. P. 41(b).  All other pending motions are denied as moot.  The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

January 22, 2004

cc:  Gregory G. Peters, Esq.
     Donald E. Gardner, Esq.
     Patrick E. Dullen

5